UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVER MATHES, III,

    Plaintiff,

Case No. 09-10582

DAVID GORCYCA, individually and
in his official capacity as an officer in
Oakland County, MARY LARKIN,
individually and in her official capacity
as an officer in Oakland County, and
DEBRA CARLEY, individually and in her
official capacity as an officer of
Oakland County,

HON. AVERN COHN

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR ABSTENTION AND STAY OF PROCEEDINGS (Doc. No. 14)**[1]

I. Introduction

This is an employment discrimination case. Plaintiff Oliver Mathes III (Mathes) is suing defendants David Gorcyca, Mary Larkin and Debra Carley, individually and in their official capacities, claiming that he was wrongfully removed from his position at the Oakland County Prosecutors Office and forced to accept a new position. He claims (1) race discrimination under Title VII, (2) a violation of his right to Equal Protection under 42 U.S.C. § 1983, and (3) race discrimination under Elliot Larsen Civil Rights Act,

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1 (f)(2).

M.C.L. § 327.2301.[2]

Before the Court is defendants' Motion for Abstention and Stay of Proceedings on the grounds that there is a parallel proceeding in state court where Mathes has sued Oakland County making similar claims. The Court agrees that abstention is appropriate. For the reasons that follow, defendants' motion is GRANTED and this case is STAYED based on the abstention doctrine in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976).

## II. Background

In 2006, the Oakland County Prosecutors Office began a reorganization apparently prompted by a problem with insufficient resources in the Juvenile Division, particularly the Juvenile Sexual Abuse Department. Part of the reorganization was a reduction in force. Prior to the reorganization, Mathes worked as an Investigator in the Family Support Unit where he interviewed parents in child custody matters. At that time, there were four investigative units: the Family Support Unit; the Economic Recovery Unit; the Domestic Violence Unit; and the Child Sexual Assault Unit. The reorganization required a reduction in the number of investigators from seven to six.

In April 2006, Mathes and another investigator, Terry Healy, who is Caucasian and had three years less seniority, were asked to submit a list of their experience and training relative to child sexual assault and domestic violence in order to fill a new investigator position. They both did so. On May 16, 2006, defendant Mary Larkin

---

[2]At a status conference, the Court indicated it would decline to exercise supplemental jurisdiction over Mathes' state law claim. However, no order has been entered to that effect.

2

asked Mathes to provide further details of his experience. Mathes did not. Healy was given the new position of Investigator in the Child Sexual Assault Unit. Mathes was offered a new position as a Court Service Officer II, a position which was non-union and paid $15,000.00 less per year than Mathes' investigator position. Mathes accepted the offer but resigned about a year later.

On August 16, 2006, Mathes filed a complaint with the Michigan Department of Civil Rights and on October 18, 2006, Mathes' labor unit filed a complaint with the Michigan Employment Relations Commission.

On October 20, 2008, Mathes filed a complaint in Oakland County Circuit Court, naming Oakland County as the sole defendant, Mathes v. Oakland County, No. 08-095417-NO ('the Oakland County case"). In the Oakland County case, Mathes claims that the County's actions violated Elliot Larsen and Title VII on the basis of race. He specifically claimed that he, not Healy, should have gotten the investigator position.

On September 22, 2009, a judge in Oakland County Circuit Court granted Oakland County's motion for summary disposition. Mathes has appealed the decision to the Michigan Court of Appeals, where the appeal is pending.

Meanwhile, on February 17, 2009, Mathes filed this action in federal court against defendants in which he again challenged the fact he did not get the investigator position. The defendants are all employees of Oakland County, working in the Prosecutor's Office. Specifically, David Gorcyca was the Chief Prosecutor, Debra Carley was the Chief Deputy Prosecutor, and Mary Larkin was the Chief Attorney in Charge of Administration. As noted above, like the Oakland County case, Mathes makes race discrimination claims under Title VII and Elliot Larsen and has added a

3

claim under § 1983 for violation of Equal Protection.

Thereafter, defendants filed the instant motion.

III. Analysis

In Colorado River, supra, the Supreme Court held that in "exceptional" circumstances, a federal district court may stay or dismiss an action solely because of the pendency of similar litigation in state court. Id. at 818. The Supreme Court held that "considerations of 'wise judicial administration, giving regard to conservation of judicial resources' " created a narrow exception to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Id. at 817. The principles underlying this doctrine "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Id. In this Circuit, a court applying Colorado River must stay, not dismiss, the case. See Bates v. Van Buren Twp., 122 Fed. Appx. 803, 809 (6th Cir. 2004)

Before the Colorado River doctrine can be applied, the Court must first determine that the concurrent state and federal actions are actually parallel. See Crawley v. Hamilton County Comm'rs, 744 F.2d 28 (6th Cir. 1984). "[E]xact parallelism" is not required: [i]t is enough if the two proceedings are substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).

Here, the Oakland County case and the instant case are parallel because both cases concern whether Mathes was subjected to race discrimination as a result of the reorganization of the Oakland County Prosecutor's Office. As such, they arise out of the same set of facts. The only difference is that Mathes named Oakland County as a defendant in the Oakland County case and named individuals within the Oakland

4

County Prosecutor's Office in this case. For all intents and purposes, the defendants are identical. Even so, identical parties is not necessarily required for application of Colorado River. See Romine v. Compuserve Corp., 160 F.3d 339, 340 (6th Cir. 1998) they are clearly related and their interests are identical. Indeed, Mathes states in his brief that "[t]his case arises out of the discriminatory practices of Defendant Oakland County." Both Oakland County and its employees at the relevant time, have an interest in upholding the employment decision. Thus, the cases are parallel.

Having found that the cases are parallel, the court must consider the following factors in deciding whether to defer to the concurrent jurisdiction of the state court:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is more convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal, (6) the adequacy of the state court action to protect the federal plaintiff's rights,(7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction, These factors, however, do not comprise a mechanical checklist. Rather, they require "a careful balancing of the important factors as they apply in a give case" depending on the particular facts at hand.

Romine, 160 F.3d at 340-41 (citations omitted).

A careful balancing of these factors leads to the conclusion that abstention is appropriate. The first factor -whether a res is involved - has no application and weighs against abstention. As to the second factor, because both forums are convenient, it weighs against abstention. As to the remaining factors, however, all weigh in favor of abstention. Jurisdiction was obtained first in the Oakland County case. When Mathes filed this case four months after the Oakland County case, significant discovery has taken place in the Oakland County case. As to the governing law, both state and

5

federal courts have concurrent jurisdiction to hear Mathes' claims and the state court can adequately protect Mathes' interest. Adjudicating this case would result in piecemeal litigation. As to the progress of the case, the Oakland County case has been decided at the Circuit Court level on the merits and the case is on appeal. While Mathes has asserted an Equal Protection claim in this case not present in the Oakland County case, that fact alone does not militate against abstention. Overall, abstention is warranted.

Mathes does not present any good arguments in favor of having this case proceed. The fact that Mathes is apparently terminally ill is not a consideration, however sympathetic the Court may be to his condition. Moreover, Mathes' argument that the state court was somehow more inclined to rule in favor of Oakland County is also not a consideration. Finally, the fact that Mathes believes the Circuit Court erred in granting summary judgment to Oakland County does not militate against a stay.

The parties shall advise the Court when all proceedings in the Oakland County case have been concluded.

SO ORDERED.


Dated: April 7, 2010          S/Avern Cohn  
                                           AVERN COHN  
                                           UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 7, 2010, by electronic and/or ordinary mail.

                                           S/Julie Owens  
                                           Case Manager, (313) 234-5160