UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVER MATHES, III,

    Plaintiff,                                                                 Case No. 09-10582

DAVID GORCYCA, individually and                              HON. AVERN COHN
in his official capacity as an officer in
Oakland County, MARY LARKIN,
individually and in her official capacity
as an officer in Oakland County, and
DEBRA CARLEY, individually and in her
official capacity as an officer of
Oakland County,

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS'S MOTION FOR
SUMMARY JUDGMENT OR DISMISSAL (Doc. 23)
AND DISMISSING CASE**

I.  Introduction

This is an employment discrimination case under Tile VII and 42 U.S.C. § 1983. Plaintiff Oliver Mathes III (Mathes) is suing defendants David Gorcyca, Mary Larkin and Debra Carley, individually and in their official capacities, claiming that he was wrongfully demoted from his position at the Oakland County Prosecutors Office and forced to accept a new position. He claims (1) race discrimination under Title VII, and (2) a violation of his right to Equal Protection under § 1983, and (3) race discrimination under Elliot Larsen Civil Rights Act, M.C.L. § 327.2301.[1]

---

[1] Mathes also asserted a claim for race discrimination under the Elliot Larsen Civil Rights Act, M.C.L. § 37,2301. The Court, however, declined to exercise supplemental jurisdiction over the state law claim and dismissed it without prejudice. See Doc. 10.

As will be explained, Mathes also sued Oakland County in state court, claiming race discrimination under state and federal law. The Michigan Court of Appeals recently affirmed summary disposition in favor of Oakland County. Before the Court is defendant's motion for summary judgment or dismissal based on res judicata. For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

II. Background

A.

In 2006, the Oakland County Prosecutors Office began a reorganization apparently prompted by a problem with insufficient resources in the Juvenile Division, particularly the Juvenile Sexual Abuse Department. Part of the reorganization was a reduction in force. Prior to the reorganization, Mathes worked as an Investigator in the Family Support Unit where he interviewed parents in child custody matters. At that time, there were four investigative units, the Family Support Unit, the Economic Recovery Unit, the Domestic Violence Unit and the Child Sexual Assault Unit. The reorganization required a reduction in the number of investigators from seven to six.

In April 2006, as part of the reorganization, Mathes and another investigator, Terry Healy, who is Caucasian and had three years less seniority, were asked to submit a list of their experience and training relative to child sexual assault and domestic violence in order to fill a new position. They both did so. On May 16, 2006, defendant Mary Larkin asked Mathes to provide further details of his experience. Mathes did not. Healy was given the new position of Investigator in the Child Sexual Assault Unit. Mathes was offered a new position as a Court Service Officer II, a position which was non-union and paid $15,000.00 less per year than Mathes' investigator position.

Mathes accepted the offer but resigned about a year later.  He then took a position as Chief Court Services Officer in the 50th District Court in Pontiac.

B.

On August 16, 2006, Mathes filed a complaint with the Michigan Department of Civil Rights and on October 18, 2006, Mathes' labor unit filed a complaint with the Michigan Employment Relations Commission.

On October 20, 2008, Mathes filed a complaint in Oakland County Circuit Court, naming Oakland County as the sole defendant, Mathes v. Oakland County, No. 08-095417-NO ('the Oakland County case").  Mathes claimed that the County's actions violated Elliot Larsen and Title VII on the basis of race.  He specifically claimed that he, not Healy, should have gotten the position.

On September 22, 2009, a judge in Oakland County Circuit Court granted Oakland County's motion for summary disposition.  Mathes appealed.

Meanwhile, on February 17, 2009, Mathes filed this action in federal court in which he again challenged the fact he did not get the investigator position.  The defendants are all employees of Oakland County, working in the Prosecutor's Office.  Specifically, David Gorcyca was the Chief Prosecutor, Debra Carley was the Chief Deputy Prosecutor, and Mary Larkin was the Chief Attorney in Charge of Administration.  Like the Oakland County case, Mathes makes claims under Title VII and Elliot Larsen.  In this case, Mathes has added a claim under § 1983 for violation of Equal Protection.

Defendants then filed a motion to stay based on the abstention doctrine in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).  The Court granted the motion.  See Order filed April 7, 2010 (Doc. 20).

Meanwhile, on March 17, 2011, the Michigan Court of Appeals affirmed summary disposition in favor of Oakland County. Mathes v. Oakland County, No. 294513 (Mich. Ct. App. Mar. 17, 2011) (unpublished). Mathes did not seek leave to appeal in the Michigan Supreme Court.

Defendants then filed the instant motion.

### III. Analysis

The issue is whether the Michigan Court of Appeals' decision bars Mathes from litigating this case. State law determines whether the first-issued state court decision will have preclusive effect on this forum. See United States v. Dominguez, 359 F.3d 839, 841 (6th Cir. 2004).

The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. Sewell v. Clean Cut Mgt., Inc., 463 Mich. 569, 575 (2001). The Michigan Supreme Court "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." Adair v. State of Michigan, 470 Mich. 105, 120 (2004) (citing Dart v. Dart, 460 Mich. 573, 586, 597 N.W.2d 82 (1999)).

Examining the Sewell factors results in a finding of res judicata. First, the Oakland County case was clearly decided on the merits – the Michigan Court of Appeals affirmed summary disposition in favor of Oakland County on all of Mathes'

discrimination claims, a dispositive motion. See Sherrell v. Bugaski, 169 Mich. App. 10, 17 (1988) ("[a] dismissal on motion by the defendants, after judicial consideration, as opposed to a ministerial procedural dismissal, is an adjudication on the merits").

Second, both cases involve the same parties or their privies. Although Mathes named individual defendants in this case and Oakland County in the prior action, they are in privity for res judicata purposes. See Engle v. City Livonia, No. 272618, 2007 WL 1206833 (Mich. App. Apr. 24, 2011) (recognizing generally that for purposes of res judicata governmental employees are in privity with their agency). See also Schied v. Davis, No. 08-10005, 2008 WL 2610229 (E.D. Mich. July 1, 2008)(finding that superintendent of public school was in privity with the school district for purposes of res judicata).

It is the third element–whether his claims could have been resolved in the Oakland County case–that Mathes disputes. Mathes argues that he could not have brought his § 1983 equal protection claim in state court because it is a federal claim. He is mistaken. A § 1983 action against state officers or employees may be maintained in either federal court or in state court. Federal courts do not have exclusive jurisdiction over § 1983 actions; rather, federal and state courts have concurrent jurisdiction over § 1983 actions. See Felder v. Casey, 487 U.S. 131, 139 (1988); Dep't of Treasury v. Campbell, 161 Mich. App. 526, 529 (1987) (recognizing that Michigan state courts have concurrent jurisdiction over federal § 1983 claims). Thus, nothing in the circumstances here required Mathes to split his claims between state and federal court. Rather, Mathes could have presented his § 1983 claim in the state court. The origin of the two actions is the same: both concern alleged violations of Mathes' rights stemming from

5

his employment with the Oakland County Prosecutor's Office.  There is nothing unfair or manifestly unjust in making Mathes bear the consequences of his decision to bring claims separately in state and federal court.  This is precisely the reason for the doctrine of res judicata:  to avoid piecemeal litigation and direct a party to present all of their claims in a single forum.

    SO ORDERED.

                     S/Avern Cohn
                     AVERN COHN
                     UNITED STATES DISTRICT JUDGE

Dated:  September 1, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 1, 2011, by electronic and/or ordinary mail.

                     S/Julie Owens
                     Case Manager, (313) 234-5160